Filed 12/11/24  P. v. Wang CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>WENLI WANG,<br><br>　　Defendant and Appellant. | 2d Crim. No. B333630<br>(Super. Ct. No. KA127290)<br>(Los Angeles County) |

Wenli Wang appeals the judgment following his conviction by a jury of dissuading a witness (Pen. Code, § 136.1, subd. (b); count one)[1], corporal injury to a spouse (§ 273.5, subd. (a); count two), and child abuse (§ 273a, subd. (b); count three).  He received the middle term of three years in prison on count two, running concurrently with a three-year term on count one and a 180-day jail term on count three.

---

[1] All statutory references are to the Penal Code.

We appointed counsel to represent him on this appeal. After reviewing the record, counsel filed an opening brief relying on *People v. Wende* (1979) 25 Cal.3d 436. Appellant filed a supplemental brief. We will affirm.

FACTS

Appellant threatened to kill his wife during an hours-long tirade in 2021. The incident culminated with him holding her down on the bed and beating her with an iPad stand, then grabbing her hair as she tried to flee. Their distraught 13-year-old daughter tried to shield her mother and calm down her father throughout the incident.

At trial, prosecutors played a surreptitious audio recording made by his wife during the incident. She and the daughter testified about what was happening at various times throughout the recording. Appellant's anger grew as he repeatedly blamed his wife for reporting him to police in 2017 after he hit her during an argument. This resulted in his arrest, but no charges were filed. He blamed her for a cascade of tragedies that followed. His wife testified that appellant would often hit himself when he was emotional.

Appellant testified in his own defense against the advice of his trial counsel. He characterized his wife as the aggressor. He said she used the 2017 incident to force him to spend more time with her and their daughter instead of properly caring for his aging parents. He believed this hastened his elderly father's death from Alzheimer's disease. Appellant accused his wife of calling police to force him to obtain mental health treatment he did not need or want. He denied hitting anyone intentionally but recognized he might have done so accidentally while hitting

2

himself.  Appellant said he beat himself to "release the pain" he felt inside.

## DISCUSSION

Appellant raises 19 issues in his supplemental brief.  These fall into five categories: (1) police and other agencies mistreated him during and after his first arrest; (2) he received ineffective assistance of counsel; (3) the trial court deprived him of the right to represent himself; (4) the prosecutor interrupted him and questioned him improperly; and (5) the court ruled improperly on issues related to the audio recordings played at trial.  We discuss them in this order.

Appellant raises several grievances about his mistreatment by police and other government agencies before this case was filed.  He insists his wrongful arrest in 2017 caused his father's death, his daughter's anxiety disorder, and his own PTSD.  He does not explain how these grievances constitute an appealable error by the court or prejudiced him at trial in this case.

Appellant accuses his public defender of being incompetent, coercive, and abusive.  He describes instances in which counsel ignored exculpatory evidence, failed to object to translation errors, stopped him from telling the truth, refused to consider his actual innocence, and suggested appellant commit suicide.  We construe these contentions as a claim for ineffective assistance of counsel.  While appellant raised some of these concerns during his October 2022 colloquy with the trial court about representing himself, he does not appear to have sought habeas relief.  He does not cite the record in his supplemental brief or include a summary of facts as required rule 8.397 of by the California Rules of Court.  ""[I]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . .

3

unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,'" the claim on appeal must be rejected."'" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) As such, we decline to review the substance of these allegations in this appeal.

Appellant's contention that the court denied him the right to represent himself at trial is belied by the reporter's transcript. The court granted appellant's request in October of 2022 after discussing the matter with him at length. When the parties returned to court in January of 2023, however, a deputy public defender appeared with appellant and confirmed his client had decided not to proceed in pro per. Appellant did not correct this statement. He cites no other part of the record supporting this contention.

We construe appellant's contentions about the prosecutor as a claim for prosecutorial misconduct. Again, he does not cite which portions of the record support his position. Our independent review of the record reveals no misconduct during his direct and cross-examination at trial.

Appellant contends the audio recordings played during trial were illegally obtained and thus inadmissible. Defense counsel raised the point below. The court exercised its discretion properly by admitting them as evidence supporting the charges of felony domestic violence and dissuading a witness (See § 633.5 [one party may record a confidential communication "for the purpose of obtaining evidence reasonably believed to relate to the commission" of enumerated crimes].) Appellant also contends the recordings were incomplete because his wife made other recordings that were not played to jurors. Again, defense counsel raised the point below. He elicited testimony from appellant on

4

direct examination about what was happening at the time the recordings were made.  Appellant told jurors he believed his wife's other recordings would show he was the victim.  Defense counsel cross-examined appellant's wife about how often she recorded him and why she only provided two tapes to police.  He reiterated during closing argument that jurors heard none of the other recordings.  Appellant was found guilty on all counts nonetheless.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

5

Rogelio G. Delgado, Judge
Superior Court County of Los Angeles

_____

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.